# Exhibit A

John T. Herbert, Esq.
Hebert Law Group, LLC
96 Engle Street
Englewood, NJ 07631
Phone: (201) 490-4070
Attorney No.: 002291975

RECEIVED / FILED
Superior Court of New Jersey

MAR 22 2016

CIVIL CASE MANAGEMENT
UNION COUNTY

| RAFAEL FERNANDEZ, | SUPERIOR COURT OF NEW JERSEY |
| --- | --- |
| **Plaintiff,** | LAW DIVISION, UNION COUNTY |
| v. | CIVIL ACTION UNN-L- 1018 - 16 |
| BRAND ENERGY SERVICES, LLC, XYZ CORP., ABC, INC., JOHN/JANE DOES 1-25, | COMPLAINT |
| **Defendants.** | |

RECEIVED
Superior Court of New Jersey

MAR 22 2016

CIVIL CASE MANAGEMENT
UNION COUNTY

Plaintiff, Rafael Fernandez, by and through his attorneys, alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff, Rafael Fernandez ("Plaintiff"), brings this action against Defendants, Brand Energy Services, LLC, XYZ CORP., ABC, INC., JOHN/JANE DOES 1-25 ("Defendants" or "The Company"), for legal relief to redress Defendants' actions in subjecting him to illegal discrimination on the basis of his ethnicity, national origin and/or age in terminating him from Brand Energy Services, LLC (Brand). This suit is brought to secure the protection of and to redress the deprivation of rights secured by the New Jersey Law of Discrimination ("NJLAD"), codified at N.J.S.A. § 10:5-1, *et seq.*

1

## **PARTIES**

2. Plaintiff is a United States citizen of Puerto Rican Hispanic ancestry, age 50 at the time of his termination. He presently resides at 283 Garfield Avenue, Jersey City, New Jersey.

3. Plaintiff was regularly employed by Defendants over the course of approximately five (5) years, until his termination from Brand on or about March 22, 2014. Throughout his employment by Defendants and prior to the events complained of herein, Plaintiff performed his job well.

4. Brand Energy Services, LLC utilizes union workforce to offer a diverse portfolio of industrial services, including scaffolding for power plant repairs. Brand operates from many offices, including in New Jersey at Brand Energy Services, 3 Mark Road in Kenilworth, NJ, 07033, Union County, New Jersey.

5. Plaintiff was at all times referred to in this Complaint employed by Defendants in the State of New Jersey.

6. Defendants maintain actual and/or constructive control over all of its operations and have authority to direct and manage its employee practices.

7. Upon information and belief, all of the acts alleged herein were authorized, ordered, implemented and/or ratified by Defendants' officers, agents, employees and/or representatives.

8. Defendants are an "employer" within the definition of the NJLAD, N.J.S.A. § 10:5-5.

9. Defendants XYZ Corp., ABC, Inc., and John and Jane Does 1-25 are fictitious names; Plaintiff hereby reserves their right to amend the Complaint as a result of pleading fictitious parties. Defendants XYZ Corp., ABC, Inc., and John and Jane Does 1-25

are entities and/or individuals that may have discriminated against Plaintiff but they are as yet unknown.

## JURISDICTION AND VENUE

10. Because Plaintiff asserts claims taking place within the State of New Jersey and arising under the laws of the State of New Jersey, in the County of Union, this Court has jurisdiction over this controversy, the authority to empanel a jury to hear, to consider and to decide its facts, and the authority to order any and all appropriate legal and equitable relief for any violations of law found.

11. This Court has subject matter jurisdiction over Plaintiff's New Jersey Law Against Discrimination claims pursuant to N.J.S.A. 10:5-1 *et. seq.*

12. This Court has personal jurisdiction over Defendants because Defendants own and operate a business within the State of New Jersey, specifically located within Union County and many, if not all of the decisions and or events which give rise to Plaintiff's claims occurred within the State of New Jersey within Union County vicinage.

13. Venue is proper in this Court pursuant to N.J. Ct. R. 4:3-2 because all, and/or a substantial portion of these events and decisions giving rise to this action occurred within the State of New Jersey in Union County.

## STATEMENT OF THE FACTS

14. Plaintiff has been a carpenter for Brand, regularly employed by Brand as a carpenter on power plant scaffolding projects since 2010.

15. Brand first hired Plaintiff through the Carpenters Union Hall in 2010. This is the only time that Plaintiff was hired through the Union Hall. After Brand hired Plaintiff

3

on a first project out of the Union Hall in 2010, Brand regularly called Plaintiff directly for Brand projects that involved building scaffolding. Plaintiff regularly worked for Brand at Public Service Electric and Gas ("PSEG") power in New Jersey, including, but not limited to, the Hudson, Linden, Bergen, Bayonne, Sayreville and Essex, New Jersey power plants.

16. While working for Brand, Plaintiff was subject to severe and persistent discrimination based on Plaintiff's ethnicity or national origin. There were repeated, unnecessary references to Plaintiff's ethnicity or national origin, for example, Brand employees saying: "not this Puerto Rican." As another example, Plaintiff's General Foreman, Tony Clemenza, a Caucasian male, would avoid giving the list of materials to be collected to a Hispanic employee, which was an embarrassing put-down and interfered with Plaintiff's work performance. On a different occasion, when Plaintiff did a job for Brand in New York, the Brand employees went to a site where the Foreman was Jamaican; Mr. Clemenza had the Jamaican Foreman step down due to his race and became the Foreman for the day. As a related matter, Plaintiff was overlooked for work and not given overtime due to his ethnicity and/or national origin.

17. While working for Brand, Plaintiff frequently raised concerns about Brand's tortious failure to mitigate health and safety risks to its employees, such as failing to provide proper safety equipment and condoning or otherwise permitting smoking in confined spaces at substantial health risk to nonsmoking employees and then engaging in malicious and intentional adverse acts of retaliation against Plaintiff for his complaints in violation of his common law and contractual right to workplace health and safety. As a specific example, when welders and carpenters worked side-

4

by-side on fixing a power plant boiler, welders were given respirators while carpenters working for Brand (including Plaintiff) were given paper masks in the Hudson Plant at the 8-story main boiler during the 2013 Outage. When Plaintiff complained about this, along with the smoking in confined spaces, to his General Foreman, Tony Clemenza, he was essentially told that, if he didn't like it, he could leave.

18. In January of 2014, Plaintiff tripped and fell on the job, while working for Brand at PSE&G in Kearney, New Jersey, and sustained what was ultimately determined to be a torn rotator cuff. Plaintiff was given a Verbal Warning related to this incident and an unrelated slip and fall while walking up a snow-covered hill. Plaintiff was forced to sign the erroneous Verbal Warning prepared by Brand because he was told that he would not be permitted to return to work unless he did so, and Plaintiff needed to work.

19. On or about March 22, 2014, Brand suspended Plaintiff for three days and also permanently banned him from working at the PSEG Hudson Generating Station, in Jersey City, New Jersey (a regular work location for Plaintiff). This three-day suspension was based on an unsubstantiated claim from a temporary employee that Plaintiff threatened him and was imposed on Plaintiff despite Brand's own admission that "[a]fter further investigation, it has come to Brand's attention that Mr. Fernandez followed the correct procedures in reporting the incident to a supervisor."

20. Brand's three-day suspension of Plaintiff for the alleged March 22 incident was, effectively, a termination of Plaintiff's employment, as Plaintiff was never permitted to work for Brand again.

5

21. Upon information and belief, other Brand employees who were non-Hispanic and/or under forty (40) years old and did engage in misconduct related to the March 22, 2014 incident are currently working for Brand. For example, Scott McDougal, a non-Hispanic employee who was supposed to be the Foreman at the time of the incident but who was, in fact, AWOL when he was supposed to be working at the time of the incident, continued to work for Brand. Plaintiff alleges significant and unlawful differential rules governing its Hispanic employees and those who assert their legal rights as compared with its Caucasian employees.

### FIRST CLAIM FOR RELIEF
*Unlawful discrimination on the basis of Ethnicity and National Origin under New Jersey Law Against Discrimination*

22. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1-21 as though fully set forth herein.

23. Defendants' conduct, as herein alleged, violated N.J.S.A. 10:5-1 *et. seq*, which makes unlawful discrimination of employees on the basis of ethnicity and national origin.

24. Plaintiff was performing his carpenter duties at a competent level.

25. Plaintiff was a victim of disparate treatment and a hostile work environment.

26. Plaintiff was subjected to an adverse employment action when he was terminated.

27. Defendants discriminated against Plaintiff in violation of the NJLAD, NJ health and safety and tort laws when it terminated Plaintiff.

28. Defendants had no legitimate, nondiscriminatory, non-retaliatory reason for its termination of Plaintiff.

29. Defendants had no legitimate, nondiscriminatory, non-retaliatory reason to terminate Plaintiff's employment.

30. Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

31. As a proximate result of Defendants' illegal discrimination and tortious retaliation, Plaintiff has suffered and will continue to suffer severe harm, losses in compensation, earning capacity, humiliation, and damage to his reputation, damage to his career development, mental anguish and emotional distress. As a result of those and actions and consequent harms Plaintiff is entitled to all legal and equitable remedies available under the NJLAD, including but not limited to back pay, front pay, reinstatement, restoration of benefits and seniority, and compensatory and punitive damages.

## SECOND CLAIM FOR RELIEF
*Unlawful discrimination on the basis of Age
under New Jersey Law Against Discrimination*

32. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1-31 as though fully set forth herein.

33. Defendants' conduct, as herein alleged, violated N.J.S.A. 10:5-1 *et. seq*, which makes unlawful discrimination of employees on the basis of age.

34. Plaintiff was performing his carpenter duties at a competent level.

35. Plaintiff was subjected to an adverse employment action when he was terminated.

36. Defendants discriminated against Plaintiff in violation of the NJLAD when it terminated Plaintiff.

37. Defendants had no legitimate, nondiscriminatory reason for its termination of Plaintiff.

38. Defendants had no legitimate, nondiscriminatory reason to terminate Plaintiff's employment.

39. Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

40. As a proximate result of Defendants' illegal discrimination, Plaintiff has suffered and will continue to suffer severe harm, losses in compensation, earning capacity, humiliation, and damage to his reputation, damage to his career development, mental anguish and emotional distress. As a result of those and actions and consequent harms Plaintiff is entitled to all legal and equitable remedies available under the NJLAD, including but not limited to back pay, front pay, reinstatement, restoration of benefits and seniority, and compensatory and punitive damages.

### THIRD CLAIM FOR RELIEF
*Unlawful discrimination on the basis of Disability under the*
*New Jersey Law Against Discrimination*

41. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1-40 as though fully set forth herein.

42. Defendants violated the disability provisions of the New Jersey Law Against Discrimination.

### FOURTH CLAIM FOR RELIEF
*Retaliation*

43. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1-42 as though fully set forth herein.

44. Defendants retaliated against Plaintiff for exercising his lawful rights and engaging in protected activities under the New Jersey Law Against Discrimination. N.J.S.A. § 10:5-1, *et seq.* and common law tort and implied contract law.

8

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the Court grant the following relief:

A. Order Defendants to make Plaintiff whole for the unlawful employment practices described above, by providing appropriate back pay, front pay with prejudgment interest, in amounts to be determined at trial, reinstatement, restoration of benefits and seniority, and other affirmative relief necessary to eradicate the effects of Defendants unlawful employment practices;

B. Order Defendants to make Plaintiff whole for the unlawful employment practices described above by providing compensation for non-pecuniary losses, including pain, suffering and humiliation in amounts to be determined at trial;

C. Order Defendants to make Plaintiff whole for the unlawful employment practices described above by providing punitive damages;

D. Order Defendants to pay statutory penalties and make Plaintiff whole for prejudgment and post-judgment interest;

E. Order Defendants to make Plaintiff whole for litigation costs and expenses, including reasonable attorneys' fees; and

F. Grant other such relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury of all issues of which he has a right to a jury trial.

Respectfully Submitted,

Dated: 3/22/2016

By: _____

JOHN T. HERBERT, ESQ.
HERBERT LAW GROUP, LLC
96 Engle Street
Englewood, New Jersey 07631
TEL: (201) 490-4070
FAX: (201) 490-4077
Attorneys for Plaintiff

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, John T. Herbert of the Herbert Law Group, LLC is designated as trial counsel on behalf of Plaintiff, Rafael Fernandez, in the above-captioned action.

HERBERT LAW GROUP, LLC

Dated: 3/22/2016

By: _____

JOHN T. HERBERT, ESQ.

## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated. I further certify that no other known parties should be joined in this action R. 4:5-1.

HERBERT LAW GROUP, LLC

Dated: 3/22/2016

By: _____

JOHN T. HERBERT, ESQ.

**Appendix XII-B1**



| CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|
| Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 **Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed** | PAYMENT TYPE: ☐CK ☐CG ☐CA<br>CHG/CK NO.<br>AMOUNT:<br>OVERPAYMENT:<br>BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>John T. Herbert, Esq | TELEPHONE NUMBER<br>(201) 490-4070 | COUNTY OF VENUE<br>Union |
|---|---|---|
| FIRM NAME (if applicable)<br>Herbert Law Group, LLC | | DOCKET NUMBER (when available)<br>UNN-L-1018-16 |
| OFFICE ADDRESS<br>96 Engle Street<br>Englewood, NJ 07631 | | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND ■ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Rafael Fernandez, Plaintiff | CAPTION<br>Fernandez v. Brand Energy Services, LLC., XYZ Corp., ABC, Inc., John/Jane Does 1-25 |
|---|---|

| CASE TYPE NUMBER<br>(See reverse side for listing)<br>618 | HURRICANE SANDY RELATED?<br>☐ YES ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| RELATED CASES PENDING?<br>☐ Yes ■ No | | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ Yes ■ No | | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>■ YES ☐ No | IF YES, IS THAT RELATIONSHIP:<br>■ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)<br>☐ FAMILIAL ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☐ No |
|---|
| USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION |

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED?<br>☐ YES ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: */s/ John T. Herbert/*

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151  NAME CHANGE
- 175  FORFEITURE
- 302  TENANCY
- 399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502  BOOK ACCOUNT (debt collection matters only)
- 505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506  PIP COVERAGE
- 510  UM or UIM CLAIM (coverage issues only)
- 511  ACTION ON NEGOTIABLE INSTRUMENT
- 512  LEMON LAW
- 801  SUMMARY ACTION
- 802  OPEN PUBLIC RECORDS ACT (summary action)
- 999  OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305  CONSTRUCTION
- 509  EMPLOYMENT (other than CEPA or LAD)
- 599  CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605  PERSONAL INJURY
- 610  AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621  UM or UIM CLAIM (includes bodily injury)
- 699  TORT – OTHER

### Track III - 450 days' discovery
- 005  CIVIL RIGHTS
- 301  CONDEMNATION
- 602  ASSAULT AND BATTERY
- 604  MEDICAL MALPRACTICE
- 606  PRODUCT LIABILITY
- 607  PROFESSIONAL MALPRACTICE
- 608  TOXIC TORT
- 609  DEFAMATION
- 616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617  INVERSE CONDEMNATION
- 618  LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303  MT. LAUREL
- 508  COMPLEX COMMERCIAL
- 513  COMPLEX CONSTRUCTION
- 514  INSURANCE FRAUD
- 620  FALSE CLAIMS ACT
- 701  ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
- 271  ACCUTANE/ISOTRETINOIN
- 274  RISPERDAL/SEROQUEL/ZYPREXA
- 278  ZOMETA/AREDIA
- 279  GADOLINIUM
- 281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282  FOSAMAX
- 285  STRYKER TRIDENT HIP IMPLANTS
- 286  LEVAQUIN
- 287  YAZ/YASMIN/OCELLA
- 288  PRUDENTIAL TORT LITIGATION
- 289  REGLAN
- 290  POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291  PELVIC MESH/GYNECARE
- 292  PELVIC MESH/BARD
- 293  DEPUY ASR HIP IMPLANT LITIGATION
- 295  ALLODERM REGENERATIVE TISSUE MATRIX
- 296  STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297  MIRENA CONTRACEPTIVE DEVICE
- 299  OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300  TALC-BASED BODY POWDERS
- 601  ASBESTOS
- 623  PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ **Putative Class Action**   ☐ **Title 59**

UNION COUNTY SUPERIOR COURT
2 BROAD STREET
ELIZABETH         NJ 07207

                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (908) 659-4810
COURT HOURS 8:30 AM - 4:30 PM

                DATE:    MARCH 29, 2016
                RE:      FERNANDEZ VS BRAND ENERGY SERVICES LLC
                DOCKET:  UNN L -001018 16

   THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 3.

   DISCOVERY IS  450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

   THE PRETRIAL JUDGE ASSIGNED IS: HON JOHN M. DEITCH

   IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    002
AT: (908) 659-4820.

   IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                ATTENTION:
                          ATT: JOHN T. HERBERT
                          PERREIRA & HERBERT LAW GROUP
                          96 ENGLE ST
                          ENGLEWOOD       NJ 07631-2947


JUVBREN